**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50060 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00668-TJH-2 |
| v. | |
| AMALYA CHERNIAVSKY, AKA Amalya Surenovna Yegiyan, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and CASTEL,[**] District
Judge.

Amalya Cherniavsky appeals her conviction for multiple counts of

healthcare fraud and conspiracy to commit healthcare fraud in violation of 18

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable P. Kevin Castel, United States District Judge for the
Southern District of New York, sitting by designation.

U.S.C. §§ 1347, 1349. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Sufficiency of the Evidence. There was sufficient evidence to convict Cherniavsky. Cherniavsky (1) owned JC Medical Supply and filled out and signed the Medicare provider application; (2) was educated on the Medicare rules and regulations; (3) managed the office and the document filing system (which contained extensive missing paperwork and fraudulent documents); (4) handled Medicare inspections; (5) responded to audit requests with fraudulent documents; (6) signed a majority of the checks for JC Medical, including at least one of the kickback checks; and (7) lied to Medicare investigators when asked whether her husband owned a medical business, which he did when the question was initially asked. Although there is rarely "direct proof of one's specific wrongful intent," "willfulness may be inferred from circumstantial evidence of fraudulent intent." *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007) (citation and quotation marks omitted). Here, "viewing the evidence in the light most favorable to the prosecution," there was sufficient evidence such that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2. <u>Jury Instructions.</u> The district court did not commit plain error by failing to instruct the jury that Medicare regulations do not require durable medical equipment (DME) providers to evaluate whether the medical equipment was necessary. Medicare's lack of a requirement that DME providers must investigate the medical necessity of a piece of equipment has no bearing on whether Cherniavsky violated or conspired to violate 18 U.S.C. § 1347. Cherniavsky was not charged with ordering medically unnecessary equipment, but, rather, knowingly and willfully participating in a scheme to procure and fabricate the documents necessary to defraud Medicare. As such, any defense by Cherniavsky on this basis would not have been "viable." *Cf. United States v. Bear*, 439 F.3d 565, 569-71 (9th Cir. 2006) (finding plain error where defense was "viable").

3. <u>Federal Rule of Appellate Procedure 28(i).</u> Cherniavsky may not adopt the arguments in her husband's briefing. "Rule 28(i) does not apply to cases which are not consolidated." *United States v. Carpenter*, 95 F.3d 773, 774 n.1 (9th Cir. 1996). Here, counsel was fully aware the cases were no longer consolidated, because Cherniavsky's and her husband's appeals were severed before counsel filed Cherniavsky's opening brief. Accordingly, Cherniavsky has waived her evidentiary claims because she failed to make independent arguments regarding those claims on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

3

4. <u>Restitution.</u> The district court did not plainly err in its restitution order. Cherniavsky explicitly requested the restitution amount be $615,418, and the district court imposed that amount. Affirmatively arguing for a specific restitution amount is clear waiver. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

**AFFIRMED.**